## In re BALLY TOTAL FITNESS HOLDING CORP. SECURITIES LITIGATION

### No. 1667.

Judicial Panel on Multidistrict Litigation.

Feb. 16, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of eleven actions listed on the attached Schedule A and pending in two districts as follows: ten now consolidated federal securities class actions pending in the Northern District of Illinois and one individual securities action pending in the District of Oregon. Three common defendants, Bally Total Fitness Holding Corp. (Bally), Bally's former chairman and CEO, and Bally's former chief financial officer, move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of Illinois. Plaintiffs in the District of Oregon action, the only respondents to the Section 1407 motion, oppose transfer.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. This docket consists, essentially, of just two actions pending in two districts (i.e, a consolidated Illinois action and an individual Oregon action). Movants have failed to persuade us that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan. Mult.Lit.1978). *See also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

### SCHEDULE A

*MDL–1667—In re Bally Total Fitness Holding Corp. Securities Litigation*

*Northern District of Illinois*

*Gladys Petkun v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–3530

*Carlos Marcano v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–3634

*Garco Investments, LLP v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–3713

*Jacob Salzmann v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–3783

*Robert Rovner v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–3844

*Robert Strougo v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–3864

*William Koehler v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–3936

*Leonard Ladenheim v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–4125

*Jeffrey M. Rosenberg v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–4342

*Catherine A. Eads v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 1:04–4697

*District of Oregon*

*Jack Garrison, et al. v. Bally Total Fitness Holding Corp., et al.,* C.A. No. 3:04–1331